```
                    UNITED STATES DISTRICT COURT

                    WESTERN DISTRICT OF NEW YORK


- - - - - - - - - - - - - X
UNITED STATES OF AMERICA              06-CR-6007(CJS)

vs.
                                      Rochester, New York
RICHARD PETIX,                        January 12, 216
            Defendant.                4:17 p.m.
- - - - - - - - - - - - - X


                    TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE MARIAN W. PAYSON
                 UNITED STATES MAGISTRATE JUDGE



                    WILLIAM J. HOCHUL, JR., ESQ.
                    United States Attorney
                    BY: RICHARD RESNICK, ESQ.
                    Assistant United States Attorney
                    6200 Federal Building
                    Rochester, New York 14614


                    MICHAEL D. FLOWERDAY, ESQ.
                    277 Pond View Heights
                    Rochester, New York 14612
                    Appearing on behalf of the Defendant


ALSO PRESENT:       Ivette Hernandez, U.S. Probation Office

AUDIO RECORDER:     Catherine A. Marr


TRANSCRIBER:        Christi A. Macri, FAPR-CRR
                    Kenneth B. Keating Federal Building
                    100 State Street, Room 2120
                    Rochester, New York 14614


(Proceedings recorded by electronic sound recording,
transcript produced by computer).
```

```
 1                      P R O C E E D I N G S
 2                            *   *   *
 3              (WHEREUPON, the defendant is present).
 4              THE CLERK: United States of America vs. Richard
 5    Petix, 06-CR-6007.
 6              MAGISTRATE JUDGE PAYSON: All right, good
 7    afternoon.  I understand Mr. Petix appeared before
 8    Judge Siragusa this morning and Judge Siragusa set a date in
 9    early to mid February for a further status conference?
10              MS. HERNANDEZ: Yes, Your Honor.
11              MAGISTRATE JUDGE PAYSON: All right.  So the
12    record should reflect that because Judge Siragusa was out of
13    the district during the holiday period of time, the matter was
14    referred to me for the purpose of holding a hearing on the
15    Government's motion for detention in this case, that is, the
16    case of the petition alleging that Mr. Petix has violated
17    conditions of his probation.
18              There's a separate matter pending before Judge
19    Scott in Buffalo relating to new charges.  That was not the
20    matter before me.
21              The parties agreed with my assessment at the
22    hearing that the proceedings are governed by Federal Rule of
23    Criminal Procedure 32.1(a)(6), that is, that because this
24    deals with the issue of release or detention for somebody who
25    has been convicted and is under supervision, that it is the
```

defendant's burden rather than the Government's burden in this case to establish by clear and convincing evidence that the individual not flee or pose a danger to any other person or the community.

At the hearing I heard testimony that was offered by Mr. Petix from Mr. Petix's father. That testimony related to a number of subjects, but I would say principally addressed the issue of financial security that could be posted for Mr. Petix.

Mr. Petix, Louis Petix, the defendant's father, indicated a willingness to post a condominium as well as perhaps another property, as I understand it, owned by the defendant's grandmother, although there was some uncertainty as to whether that -- the grandmother was willing to do that.

The Government cross-examined Mr. Petix and then made a proffer with respect to facts and evidence and circumstances that the Government thought the Court should consider in weighing the Government's motion for detention.

I have considered that testimony and those proffers. I have reviewed the docket sheets. I have gone back and listened to a tape recording of the entire proceeding. The proceeding took about an hour, it was about the last thing that I was able to do before I had to be out of town so I wanted to make sure that I took the time to listen to it carefully again, and I have done that.

            Significantly in my mind, Mr. Petix is before the
Court as a convicted defendant, specifically one who was
convicted of knowing transportation of child pornography in
interstate commerce.

            The plea agreement pursuant to which Mr. Petix pled
guilty in that case states that the parties are agreeing that
the child pornography was transported by computer.

            The plea agreement further states in the section in
which the parties agree to the factual circumstances relating
to the offense that there were over 1,000 images of child
pornography on the defendant's computer and the discussion of
trading child pornography.

            Since then he has been indicted in the matter
pending before Judge Scott for lying to Probation concerning
his use of computers, devices capable of being connected to
the internet.  And that indictment obviously constitutes a
finding by the grand jury that there is probable cause to
believe that he did lie to Probation in that respect.

            The Government proffered various factual
circumstances relating to Mr. Petix's arrest on December 3rd,
2015.  The Court doesn't find any reason not to credit those
proffered circumstances at this stage.

            Perhaps evidence will develop that will call them
into question, but at this juncture what the Government has
proffered is that various members of the Probation Department,

including Officer Hernandez, who is Mr. Petix's probation officer, were involved in his arrest on December 3rd at a restaurant.

And at the time of the arrest Mr. Petix was actively involved in using a computer, was in a program on that computer; that there was a thumb drive inserted into that computer; that there was a smart phone that was in his possession, specifically open on the table next to the computer.

According to the circumstances proffered by the Government, Mr. Petix's girlfriend said the items were -- belonged to Mr. Petix.

And in addition, the Government has proffered that there was a bag in the car that Mr. Petix was driving that has been identified as Mr. Petix's bag, which had four more thumb drives in it.

There was some evidence that was proffered with respect to some text messages on the phone. Some conversations about Mr. Petix's possible involvement in bitcoin buying, trading transactions; some allegations made by the Government concerning Mr. Petix's possible involvement in unlawful dealing or distribution of Adderall.

I am not basing my decision on my view that the record before me is sufficient to establish that Mr. Petix was most probably involved in illegal activities over his phone.

1  I am not -- I don't think the record is sufficient for me to
2  reach that conclusion.
3           However, it is my view that when somebody is on
4  supervision for an offense of child pornography and interstate
5  commerce involving a computer, that the condition which is a
6  fairly typical condition which requires him to identify any
7  computers, connective devices, automated services, so forth
8  that he has, that he has access to, that he plans to use, that
9  he must identify them to Probation so that Probation can fit
10 those devices with monitoring software, that that is a very,
11 very critical condition to assure that the defendant, who is
12 on supervision, is refraining from unlawful activity,
13 particularly child pornography.
14          Here there is proffered evidence which the Court
15 credits that at the time of the arrest Mr. Petix was in
16 possession of such devices and actively using a computer with
17 a thumb drive in it.
18          I know the defense's proffer at this juncture is
19 they're not his.  The Government's proffer is that the
20 probation officers, including Officer Hernandez who is in
21 court, actually observe the defendant doing that.
22          So to the extent that I need to credit one over the
23 other at this juncture, I am inclined to credit the
24 Government's proffer that Mr. Petix was arrested in possession
25 of these devices and most significantly using a computer at

1 the time of his arrest.

2 Furthermore, the grand jury has concluded that
3 there's probable cause to believe that he lied about the fact
4 that he was using these devices. And the conclusion to be
5 drawn from that, in my estimation, is that there is certainly
6 substantial doubt as to whether Mr. Petix can be trusted to
7 comply with conditions when the grand jury has found that he
8 lied about those conditions.

9 Whether I would draw a different conclusion if all
10 of those devices had been thoroughly searched and the
11 Government were here telling me that there was nothing
12 evidencing any illegal transactions and specifically any child
13 pornography related items on the devices, I don't know. I'm
14 not in that circumstance.

15 What I was told by the Government when I asked
16 about the review of those materials was that only the phone
17 had been able to be reviewed because the other devices were
18 password protected. That Mr. Petix had declined to provide
19 his password.

20 His probation conditions do obligate him to
21 cooperate in the search of any such devices. I'm not sure
22 the Government can compel him to do that certainly where there
23 may be a Fifth Amendment interest.

24 But, in any event, as far as I am aware as of
25 December 23rd, and I don't think there's any reason to think

8

1  that this has changed since then, the computer hadn't been
2  searched, the thumb drives had not been searched.   So I am
3  not in a position to find that his activities on those devices
4  were lawful activities.
5           He does bear the burden of establishing that by
6  clear and convincing evidence that continued release would not
7  pose a danger to the community or that he doesn't pose a
8  serious risk of flight, and I do not find that he has met that
9  burden under the circumstances that have been proffered and
10 that I credit.
11          I will say that if the issue were risk of flight
12 alone, Mr. Petix had a case pending before me, I think there
13 was a violation that was filed, a pretrial release violation
14 that was filed in that case and I modified the conditions -- I
15 dealt with that without detaining Mr. Petix.
16          And as far as I know, there were no further
17 violations, at least that I can -- that I can recall.   And he
18 came to court.
19          So I think that with the properties that
20 Mr. Petix's father has described, assuming that there were
21 sufficient equity in those properties, assuming the
22 grandmother was willing to post the properties, I believe that
23 I would find that there are conditions that could be set which
24 would reasonably assure against a serious risk of flight and
25 that the defendant would be able to establish that by clear

9

1  and convincing evidence.

2              There would be some homework we would need to do

3  with respect to those properties, but I want to be clear that

4  I am detaining Mr. Petix on grounds of danger to the

5  community, not on the grounds of serious risk of flight.

6              All right, thank you.

7              (**WHEREUPON**, the proceedings adjourned at 4:29 p.m.)

8                           *   *   *

9                    **CERTIFICATE OF TRANSCRIBER**

10

11         In accordance with 28, U.S.C., 753(b), I certify that

12  this is a true and correct record of proceedings from the

13  official electronic sound recording of the proceedings in the

14  United States District Court for the Western District of New

15  York before the Honorable Marian W. Payson on January 12,

16  2016.

17

18  S/ Christi A. Macri

19  Christi A. Macri, FAPR-CRR
    Official Court Reporter

20

21

22

23

24

25