UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -vs- | 06-cr-6007-CJS |
| RICHARD V. PETIX, | ATTORNEY'S AFFIRMATION |
| *Defendant*. | |

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -vs- | 15-cr-227-A |
| RICHARD PETIX, | ATTORNEY'S AFFIRMATION |
| *Defendant*. | |

---

Matthew R. Lembke, an attorney duly licensed to practice in the United States District Court for the Western District of New York, hereby affirms, under penalty of perjury, as follows:

1. Attorney Stephen M. Leonardo and I represent the defendant, Richard Petix, in connection with the two above captioned cases.

2. The top captioned case (Case # 06-cr-6007-CJS) is a violation of supervised release case, which is currently pending in Rochester before District Judge Charles J. Siragusa

2.     The lower captioned case (Case # 15-cr-227-A) is a criminal case, which is currently pending before Magistrate Judge Hugh B. Scott by way of referral from District Judge Richard J. Arcara.

3.     I make this affidavit in support of Petix's motions for the following relief:

(a)    Transferring the violation of supervised release petition to District Judge Arcara (and by basis of Judge Arcara's referral, therefore, to Magistrate Judge Scott);

(b)    After the transfer of the violation petition to Magistrate Judge Scott, reopening Petix's detention hearings on the grounds that new information exists that was not known to Petix at the time of the original detention hearings;

(c)    Ordering that Petix's orders of detention be vacated and immediately releasing Petix on conditions; and

(d)    For expedited hearings and determination of these motions – on or before Wednesday, December 7, 2016 – because Petix's grandmother, with whom he had a close relationship, died over this past weekend, and – if the Court grants Petix's request for release – he may be able to attend her funeral, which is scheduled for Thursday, December 8, 2016.

## Background

4.      Both Courts are generally familiar with the background of the proceedings pending against Petix.

5.      The violation of supervised release petition and the criminal case against Petix are based on the same conduct: Petix's alleged use of computer devices and the internet (in violation of the terms of his supervised release); allegedly false statements he made to federal law enforcement officers at the time of his apprehension (December 3, 2015) (in violation of 18 U.S.C. § 1001); and the government's accusation that Petix was operating an unauthorized money transmitting business (in violation of 18 U.S.C. § 1960).

6.      On December 4, 2015, a criminal complaint was filed in U.S. District Court in Buffalo charging Petix with lying to federal agents.[1] An indictment followed on December 9, 2015 including the same singular charge.[2]

7.      At around that same time, a violation of supervised release petition was filed in U.S. District Court in Rochester concerning Petix's accessing the internet by use of a computer and smart phone devices (the original petition does not appear to have been filed, but Petix's initial appearance on the VOSR petition was December 8, 2015).[3]

---

[1] 15-cr-227-A D#1
[2] Id. at 9
[3] 06-cr-6007 D#69

8. Despite the fact that he had not been formally charged with additional crimes, it is my understanding, based upon my conversations with Mr. Leonardo, that there were discussions at various court appearances in both Buffalo and Rochester about the government's intention to seek additional charges against Petix – including charges relating to his use of Bitcoin.

9. On December 21, 2015, Magistrate Judge Scott deferred the issue of bail to the district court in Rochester.[4]

10. On January 12, 2016, upon referral of the matter from District Judge Siragusa, Magistrate Judge Payson ordered that Petix be detained on the grounds that the government had established that Petix was a danger to the community.[5]

11. On February 12, 2016, Petix made a motion to the District Court to vacate the Magistrate Judge's order of detention.[6]

12. On March 9, 2016, the government returned a superseding indictment against Petix, which included a charge of operating an unlicensed money transmitting business.[7]

---

[4] 15-cr-227 D#10
[5] 06-cr-6007 D#76
[6] 06-cr-6007 D#78
[7] 15-cr-227 D#16

13. On March 21, 2016, Judge Siragusa denied Petix's motion to vacate Magistrate Judge Payson's detention order, and ordered Petix's continued detention.[8]

14. Based upon our analysis – which includes conversations between Mr. Leonardo and representatives of the United States Probation Office – Petix's exposure if convicted of the supervised release violations was 4 months (which, of course, he has already served).

15. And based upon our review of the current federal sentencing guidelines, Petix's exposure if convicted of violating 18 U.S.C. § 1001, would result in an advisory sentencing guideline range of 0-6 months.

16. When considering a conviction after trial of operating an unlicensed money transmitting business, Petix's likely advisory guideline range increases to 33-41 months.

## The New Information

17. The court may reopen a detention hearing if it finds that new information exists that was not known to the movant at the time of the hearing and

---

[8] 06-cr-6007 D#82

that has a material impact on whether the defendant may be released on conditions.[9]

18.    The new information we have is that on December 1, 2016, Magistrate Judge Scott issued a report and recommendation in which he recommended that the district court dismiss the unlicensed operation of a money transmitting business charge on the grounds that the count of the indictment alleging a violation of the law prohibiting such conduct fails to state on offense Fed.R.Crim.P. 12(b)(3)(B)(v).[10]

19.    This decision was based on Magistrate Judge Scott's conclusion that Bitcoin was neither "money" nor "funds" as contemplated under 18 U.S.C. § 1960.[11]

20.    Without the operating an unregistered money transmitting business count against Petix, we are in a situation in which he has likely been detained for a period of time longer than the periods of incarceration he would face if convicted of the VOSR and remaining criminal charge of lying to federal agents.

21.    Furthermore, over the past year, the government has had Petix's computer, thumb drives, and other electric devices.  As we understand it, the government has used its substantial resources and technological capabilities to analyze the data contained on these devices.

---

[9] 18 U.S.C. § 3142(f)
[10] 15-cr-227 D#36
[11] *Id.*

22. As far as we are aware, the government has not discovered a single item of evidence establishing, or even suggesting, that Petix was engaged in any conduct that could be considered dangerous (or even illegal, for that matter) that could support the continued conclusion that Petix is a danger to the community.

23. In point of fact, the information obtained from Petix's electronic devices establishes only that he was involved in the purchase and sale of Bitcoin, which is, as Magistrate Judge has concluded, not a crime; and even if it were, it is certainly does not make Petix a danger to the community.

## Request for Expedited Hearing and Decision

24. We respectfully request that the Courts determine these matters on an expedited basis and, if at all possible, determine Petix's motions to transfer the VOSR petitions, reopen the detention hearings, and for release on conditions on or before the close of business on Wednesday, December 7, 2016.

25. We fully understand that this is a lot to ask.

26. But there are two bases, which we believe justify expedited relief.

27. First, as discussed above, we believe Petix has been in custody for a period of time in excess of a period of incarceration he would be facing if convicted of both the violation of supervised release and the remaining 18 U.S.C. § 1001 charge against him.

7

28.     And second, also as discussed above, on Thursday, December 8, 2016, a funeral will be held for Petix's grandmother.  He has expressed to us that his relationship with his grandmother was close.  And he would very much like to attend her funeral.

**WHEREFORE**, based on the foregoing, it is requested that District Judge Siragusa transfer the pending violations of supervised release to District Judge Arcara/Magistrate Judge Scott; that after the case is transferred, the Court reopen Petix's detention hearing; that upon reopening the hearing, the Court vacate the current order of detention against Petix and order his release on conditions forthwith; and that the matters addressed in these motions be determined on an expedited basis as requested above; and that the Court grant such other relief as may be just and proper.

Dated: December 5, 2016

S/ Matthew R. Lembke
Matthew R. Lembke
Attorney for Defendant
45 Exchange Blvd., Suite 925
Rochester, New York 14614
Telephone:  [585] 454-3322
matt.lembke@cmllawfirm.com

Stephen M. Leonardo, Esq.
Attorney for Defendant
30 West Broad St. Suite 500
Rochester NY 14614
Telephone: (585) 546-6680
sml@frontiernet.net

8