PROB 12C (Filed with U.S. Court Clerk)
(12/04)

# United States District Court
## for the
## Western District of New York
## 2nd Amended Petition for Warrant or Summons for Offender Under Supervision

| | | | |
|---|---|---|---|
| Name of Offender: | Richard Petix | Case Number: | 6:06-CR-6007-001 |

Name of Sentencing Judicial Officer:   Honorable Charles J. Siragusa, U.S. District Judge

Date of Original Sentence:   January 16, 2009

Original Offense:   Knowingly Transporting Child Pornography in Interstate Commerce

Original Sentence:   Sentenced to 60 months incarceration followed by 30 years supervised release with the following special conditions: 1) financial disclosure 2) notification of computers and installation of monitoring software 3) sex offender treatment 4) substance abuse testing and treatment 5) no child pornography 6) search 7) no contact with child under 17 years of age 8) register with sex offender registration agency.

| | | | |
|---|---|---|---|
| Type of Supervision: | Supervised Release | Date Supervision Commenced: | June 11, 2012 |
| Asst. U.S. Attorney: | Richard Resnick | Defense Attorney: | Stephen Leonardo, Esq. |

## PETITIONING THE COURT

☒ **To be filed only** (Next court date scheduled for 11/1/2017 @ 9:00AM).

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| (Amended) #1/Special Condition | **The defendant must provide the U.S. Probation Office advance notification of any computer(s), automated service(s), or connected device(s) that will be used during the term of supervision. The U.S. Probation Office is authorized to install any application as necessary to surveill all activity on computer(s) or connected device(s) owned or operated by the defendant. The U.S. Probation Office shall be notified via electronic transmission of impermissible/suspicious activity or communications occurring on such computer or connected device, consistent with the computer monitoring policy in effect by the probation office. As triggered by impermissible/suspicious activity, the defendant shall consent to and cooperate with unannounced examinations of any computer equipment owned or used by the defendant. This examination shall include but is not limited to retrieval and copying of all data from the computer(s), connected device(s), storage media, and any internal or external peripherals, and may involve removal of such equipment for the purpose of conducting a more thorough inspection.**<br><br>**Details**: On December 3, 2015, U.S. Probation Officer observed Petix accessing a laptop computer with an inserted thumb drive and in possession of a smart phone capable of connecting to the Internet. **In addition, five thumb drives were found inside a book bag which was located in the seat next to the offender in Tim Hortons.** All of these devices were seized by the U.S. Probation Office. The offender refused to cooperate and failed to provide passwords for these devices so we could conduct an examination of the |

devices. The offender failed to provide this officer with notification that he had access to a laptop computer, a smart phone, and thumb drives. In addition, on October 20, 2015, the offender completed a Computer/Internet Data Form which instructed him to list all internet connected devices that he has access to. In this form, the offender noted, "I don't use a computer."

| | |
|---|---|
| #2/Mandatory Condition | **The defendant shall not commit another federal, state, or local crime.** |

**Details**: On December 3, 2015, the offender was arrested by Homeland Security Investigations and charged with a violation of 18 USC § 1001(a)(2), Making False Statements. On December 9, 2015, the offender was indicted on this charge in the U.S. District Court Western District of NY, Buffalo. On March 9, 2016, the offender was named in a 2 count Superceding Indictment. Count 1 charges a violation of 18 USC § 1001(a)(2), Making False Statements. In summary, the offender denied to officers of the U.S. Probation Office that he owned and had access to a smart phone and a laptop computer, whereas in truth, the offender owned and had access to the smart phone and laptop computer. Count 2 charges a violation of 18 USC § 1960, Operating Unlicensed Money Transmitting Business. In summary, the offender did knowingly conduct, control, manage, supervise, direct, and own an unlicensed money transmitting business which failed to comply with the money transmitting business registration requirements under 31 USC § 5330 and the regulations prescribed under 18 USC § 1960.

| | |
|---|---|
| #3/Standard Condition 3 | **The defendant shall answer truthfully all inquiries the probation officer and follow the instructions of the probation officer.** |

**Details:** On December 3, 2015, officers from the U.S. Probation Office observed the offender accessing a laptop and he was found in possession of a smart phone and six thumb drives. The offender continually denied that the laptop and smart phone belonged to him and that he had access to them. A probation officer asked the offender's girlfriend if the laptop and smart phone belonged to the offender and she replied they did. On October 20, 2015, the offender completed a Computer/Internet Data Form which instructed him to list all internet connected devices that he has access to. On this form, which was signed by the offender, the offender noted, "I don't use a computer." The offender was not truthful.

| | |
|---|---|
| #4/Mandatory Condition | **The defendant shall not commit another federal, state, or local crime.** |

**Details**: On December 3, 2015, officers from U.S. Probation Office observed Petix accessing a laptop computer with an inserted thumb drive and in possession of a smart phone capable of connecting to the Internet. The phone and laptop were turned over to Homeland Security to conduct an analysis. A review of the phone revealed text messages that the offender was buying adderall and other prescription medication. During the search, a prescription bottle with no label containing adderall was found in the offender's

bag. This conduct constitutes a violation of 21 USC § 844 (a), Simple Possession of a Controlled Substance.

U.S. Probation Officer Recommendation:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     October 24, 2017

Ivette Hernandez
U.S. Probation Officer

Reviewed and Approved:

Thomas E. Langelotti
Supervising U.S. Probation Officer

Prob 12C
Name of Offender: Richard Petix

Petition for Warrant or Summons
for Offender Under Supervision
Case Number: 6:06-CR-06007-001

## THE COURT ORDERS

☑ To be filed

_____
Signature of Judicial Officer

10-27-17
_____
Date